WHITE GATES SKEET CLUB, INC., Plaintiff-Appellee and Cross-Appellant, v. RICHARD H. LIGHTFINE *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 2—95—0390

Opinion filed December 8, 1995.

538

Stephen M. Cooper, of Law Offices of Cooper & Storm, of Geneva, for appellants.

Kevin G. Drendel, of Drendel, Tatnall, Hoffman & McCracken, of Batavia, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

This is an appeal and a cross-appeal from the orders of the circuit court of Kane County imposing a constructive trust on a parcel of real estate and determining the amount the plaintiff, White Gates Skeet Club, Inc. (the club), was required to pay the defendants,

Richard H. Lightfine and Richard R. LaReno, for the real estate in question. The issues on direct appeal are: (1) whether the trial court erred in finding that a corporate opportunity existed which was usurped by the defendants; (2) whether the trial court erred in finding that the club's claims were not barred by the affirmative defense of *laches*; (3) whether the trial court erred in finding that the club's claims were not barred by the affirmative defense of equitable estoppel; and (4) whether the club failed to meet its burden of proof by failing to name as a party defendant or prove the legal owner of the real estate upon which the constructive trust was imposed. The issues on cross-appeal are: (1) whether the trial court erred in finding that the club owes the defendants 7% interest compounded annually for the money spent by the defendants to purchase the property; (2) whether the trial court erred in finding that the club owes the defendants reimbursement for a management fee that appears on the defendants' accounting as being paid out to LaReno; (3) whether the trial court erred in finding that the club owes the defendants certain earnest money that was forfeited by a prospective purchaser and paid out to LaReno as a commission; (4) whether the trial court erred in finding that the club must reimburse to the defendants certain attorney fees expended on a contract to sell the property which was defaulted; (5) whether the trial court erred in not requiring the defendants to pay interest on the rents and income wrongfully retained; (6) whether the trial court erred in not requiring the defendants to account for the income the property might have produced if the defendants had been diligent and prudent; and (7) whether the trial court erred in awarding the defendants rent for the club's use of the property after the order imposing the constructive trust. We affirm in part, reverse in part, and remand.

The facts relevant to the cross-appeal are as follows. After the trial court ruled in favor of the club that it was entitled to the imposition of a constructive trust on the defendants' interest in the property, the focus turned to the extent to which the defendants were entitled to be reimbursed for money spent to acquire and maintain the property. As established by Lightfine's affidavit, the defendants formed the Double Dick Development Partnership to maintain and develop the property. The defendants submitted an accounting of the income and expenses of the Double Dick Partnership that became the basis for establishing the amount to which the defendants were entitled for reimbursement. The club conceded that the defendants were entitled to be reimbursed for the purchase price of the property, which was $90,300, and for any expenses incurred for the maintenance and preservation of the property. The defendants conceded

that they were not entitled to reimbursement for their attorney fees incurred in defending this lawsuit. The defendants also conceded that the club was entitled, pursuant to the imposition of a constructive trust, to the benefit of the income generated by the property. The trial judge ruled, in addition, that the defendants were entitled to reimbursement of $54,702, which is 7% interest compounded annually on the purchase price. In addition, the trial court ruled that the defendants were entitled to reimbursement of $26,050 for a property management fee, $10,104 earnest money that was forfeited from a prospective purchaser who defaulted on a contract that was designated as a commission to LaReno, and $3,700 in attorney fees associated with the same defaulted contract. The trial court declined to award the club interest on the rents and income retained by the defendants and declined to award the club an accounting of the income the defendants might have received from the property.

The trial in the present case was conducted in December 1993. The letter opinion issued from the trial court on September 14, 1994. During the interim, the club was allowed to shoot on the subject property pursuant to the extended terms of a previous agreement. The extension of the agreement ended in the spring of 1994 and was not otherwise extended.

The October 5, 1994, order imposed a constructive trust on the property in conformance with the trial court's letter opinion. Subsequent to the entry of that order, the club sent a letter to the defendants giving notice of the club's intention to begin shooting on the property consistent with the trial court's findings. Thereafter, the club began shooting on the property, not on the basis of the prior agreement, but on the basis that the property, being held in constructive trust by the defendants, was legally the club's property, and the club had a right to use it. The defendants raised no objections at that time.

On March 15, 1995, the trial court entered an order granting the defendants $4,064 for rent that the court deemed was owed to the defendants for the times that the club used the property after the entry of the trial court's order imposing the constructive trust and through the date of the order granting the rent. The defendants alleged that they were still entitled to rent pending the outcome of the appeal, and the club maintained to the contrary. The trial court awarded the defendants back rent, but refused to award rent after the entry of the final order.

■ The first issue on cross-appeal is whether the trial court erred in finding that the club owes the defendants 7% interest compounded annually for the money spent by the defendants to purchase the

property. In *David v. Russo* (1983), 119 Ill. App. 3d 290, the court reiterated the general rule, which is that " 'expenses incident to the preservation of a trust or for the benefit thereof are properly chargeable against and reimbursable from the trust estate.' " *David*, 119 Ill. App. 3d at 297, quoting *Brown v. Commercial National Bank* (1968), 94 Ill. App. 2d 273, 280, *aff'd* (1969), 42 Ill. 2d 365.

In the present case, the defendants paid cash to purchase the property. The club does not dispute that the defendants were entitled to be reimbursed for the price they paid for the property.

However, the defendants argue, and the trial court found, that, since they lost the use of the money they expended to purchase the subject property, they should be entitled to interest on the money. The club argues that the defendants should not be entitled to interest on the money as a matter of public policy.

■ As a matter of public policy, in the corporate context, courts have been "inveterate and uncompromising" in their application of the constructive trust remedy to fiduciaries who have usurped corporate opportunities. (*Graham v. Mimms* (1982), 111 Ill. App. 3d 751, 762.) This "inveterate and uncompromising" application of the constructive trust remedy is not based on the injury or damage to the corporation resulting from a betrayal of confidence. Instead, it is based on a wise public policy that, for the purpose of removing all temptation, extinguishes all possibility of profit flowing from a breach of the confidence imposed by the fiduciary relation. *Graham*, 111 Ill. App. 3d at 762-63.

■ In the present case, we agree with the club that the award of interest to the defendants, who breached their fiduciary duty by usurping a corporate opportunity, would be against public policy. Giving the defendants a return on the money they used to usurp a corporate opportunity would encourage corporate officers and directors to breach their fiduciary duties. Thus, we conclude that the trial court erred in awarding interest to the defendants on the money spent to purchase the property.

■ The next issue on cross-appeal is whether the trial court erred in finding that the club owes the defendants reimbursement for a property management fee that appears on the defendants' accounting as being paid out to LaReno. Illinois case law permits a forfeiture of any salary paid by a corporation to its fiduciary during a time when the fiduciary was breaching his duty to the corporation. (*Levy v. Markal Sales Corp.* (1994), 268 Ill. App. 3d 355, 373.) In *Vendo Co. v. Stoner* (1974), 58 Ill. 2d 289, our supreme court affirmed the trial judge's order requiring a defendant to forfeit all salary from the corporation for the period while he was usurping an opportunity that

he never offered to the corporation. (*Vendo*, 58 Ill. 2d at 313.) In fact, the court found that "[i]t borders upon the frivolous for defendant[ ] to claim a right to retain the compensation." *Vendo*, 58 Ill. 2d at 314.

Similarly, in the present case, LaReno, who participated in the breach of a fiduciary duty with Lightfine, should not be entitled to reimbursement for managing the property. Thus, we conclude that the trial court erred in finding that the club owes the defendants reimbursement for a property management fee paid out to LaReno.

■ The next issue on cross-appeal is whether the trial court erred in finding that the club owes the defendants certain earnest money that was forfeited by a prospective purchaser and paid out to LaReno as a commission. The contract for the sale of the property was for the benefit of the defendants themselves and not for the benefit of the trust. The earnest money which was paid to LaReno as a commission was not an " 'expense[ ] incident to the preservation of [the] trust or for the benefit thereof' " (*David*, 119 Ill. App. 3d at 297, quoting *Brown*, 94 Ill. App. 2d at 280). Thus, we conclude that the trial court erred in finding that the club owes the defendants the earnest money that was forfeited by the prospective purchaser and paid out to LaReno as a commission.

■ The next issue on cross-appeal is whether the trial court erred in finding that the club must reimburse to the defendants certain attorney fees expended on the contract to sell the property which was defaulted. As we stated above, the contract for the sale of the property was for the benefit of the defendants themselves and not for the benefit of the trust. The attorney fees were not " 'expenses incident to the preservation of [the] trust or for the benefit thereof' " (*David*, 119 Ill. App. 3d at 297, quoting *Brown*, 94 Ill. App. 2d at 280). Thus, we conclude that the trial court erred in finding that the club must reimburse to the defendants the attorney fees expended on the contract to sell the property which was defaulted.

■ The next issue on cross-appeal is whether the trial court erred in not requiring the defendants to pay interest on the rents and income wrongfully retained. The club has cited no authority to support its argument on this issue. Thus, the issue is waived. See 155 Ill. 2d R. 341(e)(7).

■ The next issue on cross-appeal is whether the trial court erred in not requiring the defendants to account for the income the property might have produced if the defendants had been diligent and prudent. The purpose of a constructive trust, in addition to preventing unjust enrichment, is to make available against the constructive trustee the conventional remedies available against a conventional fiduciary for breach of duty. (*David*, 119 Ill. App. 3d at 297.) The

trustee's duty to serve the interests of the beneficiary with complete loyalty, excluding all self-interest, prohibits him from dealing with the trust property for his own benefit. (*David*, 119 Ill. App. 3d at 297-98.) As trustees, the defendants had a duty in managing the property to exercise the judgment and care which men of prudence, discretion, and intelligence exercise in the management of their own affairs. (*David*, 119 Ill. App. 3d at 298.) While a trustee acting in good faith must account only for what he has actually received, where a trustee has been guilty of misconduct, he must account for the proceeds or profits which he might have received from the property by the exercise of reasonable care and prudence. (*David*, 119 Ill. App. 3d at 298.) In the present case, there is no evidence that the defendants acted in bad faith or were guilty of misconduct in carrying out their duties as involuntary trustees. Thus, the trial court properly determined that they should be held accountable only for what they actually received. See *David*, 119 Ill. App. 3d at 298.

■ The final issue on cross-appeal is whether the trial court erred in awarding the defendants rent for the club's use of the property after the order imposing the constructive trust. Once the trial court entered the order imposing a constructive trust, the defendants no longer held an interest in the property for themselves. Thereafter, the defendants were considered the constructive trustees holding the interest in the property for the benefit of the club. A constructive trustee must account to the beneficiary for income and rent received on the property held in constructive trust. The club, as the beneficiary, should not have been required to pay rent to the defendants as trustees. Thus, we conclude that the trial court erred in awarding the defendants rent for the club's use of the property after the order imposing the constructive trust.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed in part and reversed in part, and the cause is remanded for proceedings consistent with this decision.

Affirmed in part; reversed in part and remanded.

McLAREN, P.J., and THOMAS, J., concur.